# 98 DTA 145

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

LYDIA SANTIAGO DURAND
Apelante

v.

METMOR MORTGAGE CORP., ET ALS.
Apelada

Núm. KLAN-98-00084

San Juan, Puerto Rico, a 25 de marzo de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Lydia Santiago Durand apela de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en que se desestimó mediante el mecanismo de sentencia sumaria la demanda de daños y perjuicios que instó contra Metmor Mortgage Corp. (Metmor) y Puerto Rico Home Mortgage Corp. La demanda se basó en un robo del que fue víctima la señora Santiago en el local de la demandada-apelada.

Alega la apelante que el tribunal erró al resolver el pleito mediante sentencia sumaria porque existe controversia sustancial de hechos y porque no aplicó correctamente el derecho a los hechos.

### I

Luego de examinar los documentos y las alegaciones de las partes, los fundamentos de la sentencia apelada y las disposiciones legales relevantes, concluimos que ante la naturaleza de la acción incoada hay base para sostener la contención de controversia de hechos respecto a la previsión y adecuacidad de las medidas de seguridad provistas por la demandada. Por ello, no debió el tribunal desestimar sumariamente la demanda.

Los hechos no controvertidos que surgen del expediente revelan que Puerto Rico Home Mortgage es una institución financiera dedicada al negocio de hipotecas y en sus facilidades no lleva a cabo transacciones en efectivo. La señora Santiago visitó las oficinas de Puerto Rico Home Mortgage localizadas en el edificio Metmor Plaza en solicitud de talonarios para el pago de su hipoteca en una institución bancaria. Mientras esperaba en fila para ser atendida, un desconocido le arrebató la cartera. La señora Santiago y la sociedad legal de gananciales presentaron demanda contra Metmor y Puerto Rico Home Mortgage Corp. Alegaron que la señora Santiago fue empujada, se le despojó de dinero, sufrió emocionalmente por el mencionado incidente, que ocurrió por la negligencia exclusiva de la demandada al no proveer la seguridad requerida a las personas que visitan sus facilidades comerciales.

Puerto Rico Home Mortgage presentó moción de sentencia sumaria basada en que no existía controversia de hechos y que en derecho procedía dicho dictamen a su favor. La señora Santiago se opuso, presentó deposiciones de empleados y refutó los argumentos de seguridad razonable de la demandada. El tribunal circunscribió la controversia a la determinación de si a base de los hechos, existía un deber legal de la demandada de proveer seguridad en sus predios. Determinó que no, y dictó sentencia sumaria a favor de la demandada.

Examinemos el derecho aplicable, a la luz de los hechos que dan base a la reclamación.

Es reconocido principio que la parte que solicita que se dicte sentencia sumaria a su favor tiene que demostrarle al tribunal que no existe controversia en cuanto a los hechos pertinentes para la resolución del caso y que cumple con todos los requisitos de ley para que se dicte la sentencia solicitada. La parte contraria tiene que refutar los hechos alegados y mostrarle al tribunal que existe genuina controversia de hechos entre las partes para derrotar la moción o arriesgarse a que se le dicte sentencia en contra.

Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, *Mercado Vega v. U.P.R.*, 128 D.P.R. ___ (1991), **91 J.T.S. 41,** págs. 8548-49; *Revlon v. Las Américas Trust Company,* 135 D.P.R. ___ (1994), **94 J.T.S. 27,** pág. 11613.

La jurisprudencia interpretativa del Tribunal Supremo establece que no es aconsejable utilizar este mecanismo procesal cuando por la naturaleza de la controversia se hace difícil obtener la verdad de todos los hechos pertinentes a través de declaraciones juradas o deposiciones, como por ejemplo, en casos que envuelven elementos subjetivos de intención, propósitos mentales, negligencia o credibilidad. Sólo debe concederse cuando se haya establecido claramente el derecho del que la solicita y se haya demostrado que la otra parte no tiene posibilidad de prevalecer bajo ninguna situación que surja de las alegaciones no refutadas por los documentos presentados con la moción. *Casto Soto v. Hotel Caribe Hilton,* ___ D.P.R. ___ (1994), **94 J.T.S. 128,** pág. 3*11; J.A.D.M. v. Centro Comercial Plaza Carolina,* 132 D.P.R. ___ (1993), **93 J.T.S. 26,** págs. 10439-40.

## II

Este caso trata de la alegada negligencia de una institución financiera, al no proveer seguridad adecuada. Los factores cruciales para establecer la responsabilidad de un establecimiento comercial por actos delictivos cometidos por terceros en sus predios son la previsibilidad y el riesgo envuelto. Jurisprudencialmente se ha establecido que determinados establecimientos tienen deberes de seguridad dependiendo de las circunstancias en que ocurre un evento. Por ejemplo, es necesario determinar si la naturaleza de la actividad que se lleva a cabo en el lugar y la naturaleza de la actividad criminal que está ocurriendo en el área, conlleva el deber de anticipar los riesgos de actos criminales de terceros y de adoptar medidas de seguridad mayores a las que proveen las agencias de seguridad pública. En caso afirmativo, entonces hay que evaluar si las medidas de seguridad prevalecientes son o no adecuadas ante las circunstancias particulares del caso para determinar si hubo una omisión por la que se deba responder en daños. *Elba A.B. v. Universidad de Puerto Rico,* 125 D.P.R. 294, 309 (1990); *J.A.D.M. v. Centro Comercial Plaza Carolina, supra,* págs. 10434-35 y 10439.

La apelante plantea que de los documentos que consideró el tribunal apelado no se pueden evaluar adecuadamente los factores que establece la jurisprudencia para determinar si el local comercial a que se refiere este recurso cumplió o no con unos estándares mínimos de seguridad de acuerdo a las circunstancias particulares del caso.

En la sentencia apelada el tribunal determinó, en síntesis, que debido a la naturaleza esencial del negocio como institución financiera dedicada a ofrecer información sobre la obtención de préstamos hipotecarios, no es uno de los que se exige seguridad para sus clientes, tales como un centro comercial, hotel, hospital o escuela. Por otra parte, la apelante plantea que medió controversia en cuanto a si con factores tales como la incidencia criminal en el área y el tamaño y naturaleza de los demás locales comerciales dentro del edificio, era previsible lo ocurrido. También, si un guardia es suficiente, o si se debe exigir un grado mayor de seguridad y protección a las personas que visitan el local.

Es cierto que la entidad demandada no es una escuela, un hotel, un hospital o un centro comercial a manera de los que la jurisprudencia ha establecido tienen que ofrecer un grado de protección adicional al que ofrecen los organismos estatales. Pero ello no priva a la apelante de demostrar en una vista evidenciaria circunstancias particulares que ameritaban que en el local comercial demandado se previera lo sucedido y se adoptasen medidas de seguridad adecuadas y razonables. Como bien señala la apelante, la determinación de responsabilidad del demandado-apelado es un evento posterior al examen de esas circunstancias y antes, no puede dilucidarse el aspecto de negligencia.

En conclusión, toda vez que no necesariamente la naturaleza de la actividad de un local tiene que determinar el grado de seguridad y previsibilidad de actos delictivos, que puede sostenerse controversia de hechos en el caso sobre estos factores y que no se favorece la resolución de casos donde la alegación de negligencia está en controversia mediante el mecanismo de sentencia sumaria, procede la revocación de ésta y la devolución del caso al tribunal apelado para que permita a las partes presentar su prueba en torno a las circunstancias que mediaron en el incidente y su relación con la seguridad provista.

## III

En virtud de todo lo anterior, se revoca la sentencia sumaria y se devuelve el caso al tribunal de instancia para la continuación de los procedimientos de manera consistente con lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General